IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KENNETH C. PHIPPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:09CR00433-001–HEH |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2255 Petition)**

Kenneth C. Phipps, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion" (ECF No. 37)). The Government moved to dismiss the § 2255 Motion on the grounds that, *inter alia*, the statute of limitations bars the § 2255 Motion (ECF No. 43). Phipps has responded. The matter is ripe for disposition. For the reasons set forth below, the § 2255 Motion will be denied as barred by the statute of limitations.

### I. PROCEDURAL HISTORY

A grand jury indicted Phipps on Count One, conspiracy to distribute five grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846; Count Two, distribution of cocaine, in violation of 21 U.S.C. § 841; Count Three, possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841; Count Four, possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c); and Count Five, possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (ECF No. 1).

In accordance with the terms of a written plea agreement, Phipps entered a plea of guilty to Counts One and Four of the Indictment (ECF No. 8). On May 28, 2010, the Court sentenced Phipps to a total of 180 months of imprisonment, consisting of 120 months on Count One and 60 months on Count Four, to be served consecutively (ECF No. 19). The Judgment was entered on June 3, 2010 (ECF No. 20).

On April 5, 2011, the United States Court of Appeals for the Fourth Circuit affirmed Phipps's convictions and dismissed his appeal (ECF No. 34). Phipps did not file a petition for certiorari to the Supreme Court.

Phipps placed his § 2255 Motion in the prison mail system on August 16, 2012 [1] (§ 2255 Mot. 14). It was received by the Clerk's Office on September 10, 2012 (ECF No. 37–39).

In his § 2255 Motion, Phipps contends that: (1) he was provided with ineffective assistance of counsel because his attorney failed to investigate his case (§ 2255 Mot. 5); (2) the Court plainly erred when it accepted his invalid guilty plea (*Id.* at 6); (3) he is actually innocent of violating 18 U.S.C. § 924(c) and 18 U.S.C. § 922(g)(1) (§ 2255 Mot. 8.); and, (4) his right against cruel and unusual punishment under the Eighth Amendment has been violated. (*Id.* at 9.)

---

[1] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

## II. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under 28 U.S.C. § 2255(f)(1), Phipps's conviction became final on Tuesday, July 5, 2011, the last date to file a petition for a writ of certiorari. *Clay v. United States*, 537 U.S. 522, 527 – 28 (2003). Thus, Phipps had until Thursday, July 5, 2012 to file any motion under 28 U.S.C. § 2255. Because Phipps did not file his § 2255 Motion until

3

more than 43 days later, the statute of limitations bars the § 2255 Motion unless Phipps demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or equitable tolling. Neither Phipps nor the record presents circumstances warranting a belated commencement of the limitation period pursuant to 28 U.S.C. § 2255(f)(2)–(4).[2]

### B. Equitable Tolling

Phipps asserts that the Court should equitably toll the limitation period. Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Nevertheless, only "rarely will circumstances warrant equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he or she fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v.*

---

[2] Phipps suggests that his § 2255 Motion is timely in light of the Supreme Court's decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), *Missouri v. Frye*, 132 U.S. 1399 (2012) and the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). (§ 2255 Mot. 13) None of the foregoing decisions address a belated commencement under 28 U.S.C. § 2255(f)(3). *See United States v. Lawton*, 506 F. App'x 722, 725 – 26 (10th Cir. 2012); *United States v. Powell*, 691 F.3d 554, 559 – 60 (2012).

*Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). As explained below, Phipps fails to meet this exacting standard.

### 1. Phipps's Lack of Diligence

First, Phipps suggests that the Court should equitably toll the limitation period because by not vacating his conviction for violating 18 U.S.C. § 924(c), the Court is creating a fundamental miscarriage of justice. (Pet'r's. Reply Mot. Dismiss § 2255 Pet. 2.) (ECF No. 45) In support of this argument, Phipps states that at some undefined time, he was transferred from a federal correctional complex in Big Springs, Texas to a complex in Oakdale, Louisiana, and that the transit took approximately one day. Phipps also emphasizes that he did not receive his legal material for another seven weeks, causing a one-and-a-half month delay. Accordingly, Phipps contends it would be "unconscionable to enforce the time limitation against" him, and to do so "would cause a gross injustice." (*Id*) (citation omitted.)

Here, the statute of limitations expired on Thursday, July 5, 2012. Phipps's own evidence reflects that he waited until past the one year deadline to file his § 2255 Motion, and he offers no reasonable explanation of his delay. Thus, Phipps's own lack of diligence, rather than any extraordinary circumstances, prevented him from filing his § 2255 Motion in a timely manner. *See Pace*, 544 U.S. at 418–19.

5

### 2. Actual Innocence

Second, Phipps contends that he is actually innocent of his convictions under 18 U.S.C. §§ 924(c) and 922(g). (Pet'r's. Reply. Mot. Dismiss § 2254 Pet. 4.) As explained below, that contention lacks merit.

The Supreme Court has recognized actual innocence as a basis for tolling the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted).

Here, the Court reviews Phipps's arguments under the more lenient standard for gateway actual innocence claims, because subscribing to Phipps's actual innocence claims would permit the Court to consider the merits of his otherwise time-barred habeas petition. A gateway claim requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the

6

evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327 – 28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327 – 28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D.Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352 – 53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)).

Phipps argues he is actually innocent of his conviction under 18 U.S.C. § 924(c) because he never used any type of firearm during any of the transactions involved in the offense. However, Phipps was convicted of *possession* of a firearm—not *use* of a firearm—and accordingly, Phipps's argument that he is actually innocent under 18 U.S.C. § 924(c)[3] fails.

---

[3] That statute states, in pertinent part that,

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be

7

Phipps also argues he is actually innocent of his conviction under 18 U.S.C. § 922(g) because he had not been convicted of an offense punishable for more than one year in prison. However, although Phipps was indicted under 18 U.S.C. § 922(g), he was never actually convicted of that charge (ECF No. 20). Thus, Phipps's argument is moot.

### III. CONCLUSION

Phipps fails to demonstrate any basis for tolling the statute of limitations. Accordingly, the statute of limitations bars Phipps's § 2255 Motion. The § 2255 Motion will be denied and the action will be dismissed. Phipps's Motion for the Appointment of Counsel and for an Evidentiary Hearing will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Phipps has not satisfied this standard. Accordingly, the Court will deny a COA.

---

prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall be guilty under 18 U.S.C. § 924(c)(1)(A).

8

An appropriate Order will accompany this Memorandum Opinion.

                                               /s/
                                   HENRY E. HUDSON
Date: Aug. 29, 2013             UNITED STATES DISTRICT JUDGE
Richmond, Virginia