IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA, )
)
v. ) Criminal No. 3:09CR433–HEH
) Civil Action No. 3:18-cv-285
KENNETH PHIPPS, )
)
Petitioner. )
)

## MEMORANDUM OPINION
(Dismissing Rule 36 Motion as a Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered on August 29, 2013, this Court denied Kenneth Phipps's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). (ECF Nos. 48–49.) This matter now comes before the Court on Phipps's "MOTION FOR CORRECTION OF THE PRESENTENCE INVESTIGATION REPORT PER RULE 36" ("Rule 36 Motion," ECF No. 51). For the reasons stated below, the Court finds that Phipps's Rule 36 Motion is an unauthorized, successive § 2255 motion.

Federal Rule of Criminal Procedure 36 provides, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Nevertheless, the Court narrowly defines clerical errors. "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (alteration in original)

(quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)); *see United States v. Kubinski*, 707 F. App'x 195, 195 (4th Cir. 2017) ("Rule 36 motions, however, apply only to clerical errors and are not the proper vehicle for challenging the substance of the information in a presentence report; such challenges must be filed within 14 days of receiving the report." (citing Fed. R. Crim. P. 32(f))).

In his Rule 36 Motion, Phipps argues that his Presentence Report ("PSR") contains errors that resulted in his Criminal History being incorrectly calculated. (Rule 36 Mot. 1.) Specifically, Phipps argues that the PSR incorrectly determined that Phipps's sentences for his Virginia convictions of uttering counterfeit currency and possession of marijuana should not have qualified as prior sentences for two one-point increases in Phipps's Criminal History under United States Sentencing Guidelines ("USSG") Section 4A1.1(c). (*Id.* at 3–4.) Phipps argues that because he only received a year's probation for each conviction, this was contrary to USSG Section 4A1.2(c), which requires that the Court only increase a defendant's Criminal History when, among other things, "the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days." *United States Sentencing Guidelines* § 4A1.2(c) (U.S. Sentencing Comm'n 2009).[1] Here, any alleged error that occurred "was not one of transcription, but

---

[1] Phipps also argues that he was not actually convicted of the possession of marijuana charge. (Rule 36 Mot. 5.) However, from Phipps's own exhibit, it is clear he was found "guilty as charged" for possession of marijuana in the Mecklenburg County District Court. (*See id.* Ex. C, at 2, ECF No. 51–3.)

2

of legal knowledge or analysis," and thus is not amenable to correction under Rule 36.[2] *United States v. Gibson*, 356 F.3d 761, 766 n.3 (7th Cir. 2004).

Although Phipps brings his motion under the guise of correcting a purported clerical error in his PSR, the Court discerns that he truly attempts to challenge his sentence calculation. A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 restricts the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 656–57 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Phipps's arguments in his Rule 36 Motion make it clear that he continues to attack the validity of his sentence. Therefore, Phipps's Rule 36 Motion falls outside the scope of Rule 36 and within that of 28 U.S.C. § 2255. Phipps cannot avoid the bar against successive petitions merely by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment,

---

[2] Nevertheless, the Court has reviewed the PSR and Phipps's arguments and notes no error occurred.

3

mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)). The Rule 36 Motion challenges the calculation of Phipps's Criminal History under the USSG and the legality of his sentence. Despite his inventive labeling, Phipps's motion falls within the scope of 28 U.S.C. § 2255. Thus, the Clerk will be directed to file the Rule 36 Motion as a successive motion pursuant to 28 U.S.C. § 2255. Because the Fourth Circuit has not authorized this Court to hear Phipps's successive § 2255 motion, the Rule 36 Motion (ECF No. 51) will be dismissed for want of jurisdiction. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: April 26 2018
Richmond, Virginia

4